205 So.2d 628 (1967)
Robert B. PURNELL, Individually and as Administrator, et ux.
v.
The TRAVELERS INSURANCE COMPANY et al.
No. 7192.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
*629 Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellant.
Billy O. Wilson, of Dyer & Wilson, Baton Rouge, for appellee.
Before LANDRY, REID, and BAILES, JJ.
REID, Judge.
Plaintiffs, Robert B. Purnell, individually and as administrator of the estate of the minor child, Robin Purnell, and Claudette Crockett Purnell, his wife, filed this suit against Clarence Thomas and his liability insurer Travelers Insurance Company for damages as a result of an automobile accident between plaintiff's vehicle, a 1962 Rambler Sedan, and a 1965 Chevrolet School Bus owned by the West Baton Rouge Parish School Board and being operated at the time by Clarence Thomas during the time and within the scope of his employment as school bus driver by the said School Board.
The accident happened at about 4:00 P.M. on or about December 3, 1965 on Louisiana Highway 1 in West Baton Rouge Parish, in the City of Port Allen. The Purnell vehicle was proceeding south on said Highway 1 and being followed by a school bus driven by Thomas. The Purnell vehicle stopped behind a line of traffic with the brake lights on and was suddenly struck from the rear with terrific force and impact by the school bus driven by Thomas, knocking the Purnell vehicle forward into the rear of a 1965 Buick which was stopped in front of the Purnell vehicle.
Plaintiff relies on the doctrine of res ipsa loquitur, as to why and what caused the school bus to collide with the rear of the Purnell vehicle. In the alternative plaintiffs set out certain acts of negligence, mainly that they did not keep a proper lookout, traveling at an excessive rate of speed, failed to properly apply the brakes, or to take any precautionary measures to avoid the collision.
Robert B. Purnell, individually and as head and master of the community sought damages in the amount of $5095.00; as Administrator of the Estate for the use and benefit of the minor child Robin Purnell, $2000.00; and Claudette Crockett Purnell, his wife in her separate capacity asked for damages in the amount of $15,000.00 *630 with legal interest from judicial demand until paid, and costs.
Defendants filed an answer admitting the accident but denying that it happened through any fault of the driver of the school bus, Thomas, and alleged that the accident was caused solely through the acts of negligence of Claudette Purnell, the driver of the Purnell vehicle in (a) coming to a sudden unsignalled stop on a main Highway, and (b) failing to keep the proper lookout. They further plead contributory negligence on the part of Claudette Purnell in the alternative.
The Trial Court after trial on the merits rendered and signed a judgment with written reasons awarding Claudette. Crockett Purnell, individually the sum of $3500.00; awarding Robert B. Purnell as Administrator of the Estate of his minor daughter, Robin Purnell, the sum of $300.00, and in favor of Robert B. Purnell, individually and as head and master of the community of acquets and gains the amount of $858.70. Judgment being against Travelers Indemnity Company and Clarence Thomas, in solido, with legal interest from date of judicial demand and fixing the fees of the expert witnesses.
From this judgment the defendants have appealed suspensively to this Court.
There is no question concerning liability, and the defendant in his Brief sets out two specification of errors as follows:
"I. The Trial Court erred in permitting the introduction of testimony of physicians who treated plaintiffs and after admitting the testimony, in giving it any weight, as plaintiffs had refused to submit to a physical examination by a physician selected by defendants.
II. The Trial Court erred in awarding $3,500.00 to a woman whose only injury of any consequence was a back sprain from which she was relatively pain free during the great majority of the time she was under the care of a physician." With regard to the first specification of error, namely the question of the introduction of testimony by the physician who treated plaintiffs and in admitting the testimony and giving it any weight, the appellant relies on two cases, namely, Kennedy v. New Orleans Ry. & Light Co., 142 La. 879, 77 So. 777 (1918), and Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (Orleans App.1929).
Assuming arguendo that the defendant would have the right to have plaintiffs examined by a physician of their own choice before any suit had ever been filed we find that it failed to prove that demand was made upon plaintiffs for such an examination.
Since these decisions have been handed down the Legislature has adopted the Code of Civil Procedure which CCP Art. 1493 reads as follows:
"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.
It should be noted that Article 1493 provides a method for having an examination made of a plaintiff or party to the suit, after suit has been filed. It also provides the method by which the order can be obtained requiring the plaintiff or whatever party is notified to be present only after a hearing and after proper notice.
The defendant did object to the testimony and the Judge overruled the objection and permitted the testimony to go *631 into the record. We conclude that the Trial Judge was correct in refusing to exclude plaintiffs' medical testimony.
This brings us to the question of quantum. The appellant makes no complaint about the award to Robert B. Purnell, Administrator to his minor child, Robin Purnell, and for the special damages amounting to $858.70. Their chief complaint of course is to the amount awarded to Mrs. Purnell.
The Trial Court found that Mrs. Purnell had suffered a severe cervical sprain and strain, and moderately severe lumbosacral sprain and strain, abrasion of the knee and abdomen, sprain of the thumb and index finger of the right hand, and a mild concussion. For this the Court awarded the sum of $3500.00.
The evidence shows by the plaintiff herself that she was only absent from work five working days. She was a teacher in the Cohn Junior High SchoolCohn Elementary School in Port Allen for which she was paid the sum of $3900.00 a year.
She testified that she worked in some pain but she made no complaint to the Principal or any of the teachers in the school. She drove her car to and from school during this entire time.
Defendant put on Jonathon W. Vaughn who was the elementary school principal where Mrs. Purnell worked. He stated that he was the one to whom complaints would be made when teachers became ill and that during the entire period that Mrs. Purnell worked there after the accident she made no complaint whatever to him of any illness. She showed no indication whatever by her actions of any pain or suffering, or of feeling "groggy" or depressed. He corroborated Mrs. Purnell's testimony that she was only absent from work five days in 1966 after the injuries.
In addition defendant put on Mr. Louis W. Gourney who testified that he was a professional investigator and that he had followed Mrs. Purnell several times when she drove her children to school and back and that she drove the car normally, like anyone else would drive, observed all the stop signs and stop lights and there was nothing unusual about the way she was moving her head and shoulders.
Plaintiff's own physician, Dr. Bertrand O. Tyson, testified concerning her complaints of pain and that her complaints of pain were relieved by the administration of analgesic. She would be relatively free from pain while under the effects of this medicine. She was under this medication up until June. Dr. Tyson further testified that the analgesics would not relieve every bit of the pain and discomfort. It would depend to some extent on what the party was doing. He further testified that these prescriptions affect a patient physically outside the area of pain, "depressed the nervous system and produced a certain amount of slowing up functions, productivity or whatever you might call it, but there is an associated slowing down of everything." He stated that all the drugs that were used were central nervous system depressants.
It seems to us that if Mrs. Purnell was suffering all the pain she stated that she was she would have given some indication of it to the Principal or other teachers in the school. In addition to that, in view of her own doctor's testimony, she would have a depressed, or groggy appearance or manner, which would show the effect of the drug upon her.
In the case of Kennedy v. New Orleans Ry. & Light Co., 142 La. 879, 77 So. 777 the Court viewed the testimony of plaintiff's own physician as being ex parte testimony and saw fit to reduce the award from $6000.00 to $3000.00. Their alternative would have been to remand the case or dismiss it as in the case of non-suit.
The following awards in cases cited by appellant are considered by us as in point on the question of quantum, to-wit:
In Kibodeaux v. Travelers Insurance Co., La.App., 182 So.2d 83 the award was *632 reduced from $5000.00 to $2500.00 for whiplash injury. In Robinson v. American Home Assurance Co., La.App., 183 So.2d 77 awards of $1200.00 to each plaintiff were allowed for personal injuries caused by rear end collision.
Considering all the evidence in the record and in view of Kennedy v. New Orleans Ry. & Light Co., supra, we believe that the plaintiff's injuries were exaggerated and the award should be reduced to the sum of $1750.00.
For the foregoing reasons it is ordered that the judgment of the Lower Court be amended reducing the amount of the award from $3500.00 to $1750.00 and as amended the same is hereby affirmed. The costs of the appeal to be borne by the appellant.
Amended and affirmed.