REID, Judge.
This is a suit filed by Mrs. Naomi Boud-reaux and her husband Antoine Boudreaux against The Travelers Insurance Company and Lynn Dupeey for damages as a result of an accident which happened on June 3, 1965 on Louisiana Highway 19, just south of Baker, Louisiana, between a 1963 Oldsmobile driven by Naomi Boudreaux and owned by her husband Antoine Boudreaux, and a 1957 Ford being driven by Lynn Du-peey and owned by her father, John A. Dupeey.
The Travelers Insurance Company was insurer of the car owned by the said John *535 A. Dupeey. Mrs. Boudreaux seeks damages in the sum of $45,500.00 for personal injuries received as a result of said accident and Antoine Boudreaux seeks judgment against both defendants in the amount of $1802.87, both with legal interest from date of judicial demand until paid, and costs.
Defendants The Travelers Indemnity Company (sued as The Travelers Insurance Company) and Lynn Dupeey filed an answer admitting the accident but denying the other allegations of the petition and particularly any negligence on the part of Lynn Dupeey; denying the property damage totaling $673.49 claimed by the plaintiff Antoine Boudreaux was correct in that Antoine Boudreaux had been paid all but $50.00, the deductible portion of his collision insurance; further answering plead contributory negligence on the part of plaintiff, Naomi Boudreaux. The plaintiffs alleged some seven acts of negligence on the part of the defendant Dupeey, all growing out of the fact that the Dupeey car ran into the rear of the Boudreaux car, which caused the accident.
The case was tried on the merits and judgment was rendered in favor of Mrs. Naomi Boudreaux in the amount of $1750.-00 and in favor of Antoine Boudreaux in the amount of $683.95, both with legal interest from June 2, 1966 until paid and fixing the expert fees of Dr. I. L. George and Dr. Byron M. Unkauf at the amount of $50.00 each, taxed as costs.
From this judgment both plaintiffs and defendants have both appealed to this Court.
Plaintiffs-appellants Boudreaux assigned two errors on the part of the Trial Judge: (1) The Court erred in according an adverse presumption as to the medical testimony offered by the plaintiff as to her injuries, and pain and suffering covering the period in which the defendant was allegedly denied permission to have the petitioner, Mrs. Boudreaux, examined by a physician of the defendants’ choice; and (2) The Court erred in awarding the petitioners an insufficient amount of damages to compensate them from their respective injuries and expenses.
Defendant-appellants assigned two specifications of error on the part of the Trial Court: (1) The Trial Court erred in permitting the introduction of testimony of physicians who treated plaintiff, and after admitting the testimony, giving it any weight as plaintiff has refused to submit to a physical examination by a physician selected by defendants, and; (2) the Court erred in awarding $1750.00 to a woman who manifested little, if any, objective symptoms of injury.
The first two specifications of error by each appellant grow out of the same situation, and we will take them up first. The defendants sent a written notice to Mrs. Boudreaux on July 16, 1965 notifying her that they were setting up an examination for her injuries to be made by Dr. Louis Mayer on July 20th at 2:30 P.M. Subsequently Mrs. Boudreaux’s attorney on July 19th, 1965 advised The Travelers Insurance Company that no further examination of Mrs. Boudreaux was necessary and forwarded a copy of the medical report from her doctor dated July 14, 1965.
Nothing further was done until after the suit had been filed. Some eight months after the suit was filed the defendants did have Mrs. Boudreaux examined by a doctor of its choice, namely Dr. J. Willard Dowell, and his report was filed in the record in lieu of his testimony.
Defendants on the trial on the merits objected to the introduction of the medical evidence offered by plaintiffs on the grounds that Mrs. Boudreaux had refused to submit to an examination by a doctor selected by the defendant (insurer) and that the testimony of plaintiff’s physician should be considered as ex parte testimony which would require a reduction in the award which otherwise would be given to the claimant.
*536 Defendants-appellants rely on two cases, namely, Bailey v. Fisher, 11 La.App. 187, 123 So. 166 and Kennedy v. New Orleans Railway & Light Co., 142 La. 879, 77 So. 777. However, these two cases were decided before the adoption of the Code of Civil Procedure of Louisiana. LSA-CCP which was adopted in 1960 sets out the proceedings for physical and mental examination of parties and reads as follows, to-wit:
“In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.”
We believe this question of law as to the admissibility of this type of evidence and the credit to be given to it is governed by our recent decision in Purnell v. Travelers Insurance Company, 205 So.2d 628. In this case we held as follows:
“It should be noted that Article 1493 provides a method for having an examination made of a plaintiff or party to the suit, after the suit has been filed. It also provides the method by which the order can be obtained requiring the plaintiff or whatever party is notified to be present only after a hearing and after proper notice.
The defendant did object to the testimony and the Judge overruled the objection and permitted the testimony to go into the record. We conclude that the Trial Judge was correct in refusing to exclude plaintiffs’ medical testimony.’
The Third Circuit in the case of Lindsey v. Escude, La.App., 179 So.2d 505 held as follows:
“An order for a medical examination is not granted as of right; there must be a showing of good cause, and the party to be examined able to have the examination made at a time and place without undue inconvenience to himself, as well as to oppose examinations as unnecessary, painful, or hazardous.”
The examination requested by the defendants and refused by the plaintiffs was before the suit was ever filed. We believe that the provisions of LSA-CCP 1493 and our decision of Purnell v. Travelers Insurance Company, supra, would govern. This brings us to the effect to be given to the testimony of the physicians after the Judge correctly admitted it in evidence.
Quoting again from Purnell v. Travelers Insurance Company, supra, we held as follows :
“In the case of Kennedy v. New Orleans Ry. & Light Co., 142 La. 879, 77 So. 777 the Court viewed the testimony of plaintiff’s own physician as being ex parte testimony and saw fit to reduce the award from $6000.00 to $3000.00. Their alternative would have been to remand the case or dismiss it as in the case of non-suit.”
The Trial Judge in his written reasons held that the testimony of the doctors was admissible but until the defendant was granted the privilege of examination there should be an adverse presumption as to that medical testimony gathered during the intervening period. We, therefore, hold that the testimony of the doctors is admissible but the failure to allow the plaintiff to submit to a medical examination does affect the weight to be given to plaintiff’s medical evidence as to her physical condition prior to her submission to an examination by defendant.
*537 While the defendants deny any negligence on the part of Lynn Dupeey, the driver of the Dupeey car, and plead contributory negligence, they do not argue this point in the brief, nor complain of it in the specifications of error.
This brings us to the question of quantum. Plaintiffs offered in evidence statements made by Dr. I. L. George, Dr. Homer D. Kirgis of Ochsner Clinic, and Dr. Heinz K. Faludi, an orthopedic surgeon of Shreveport, and a deposition of Dr. Byron M. Unkauf an orthopedic surgeon of New Orleans. The defendant offered the testimony of Dr. J. Willard Dowell, an orthopedic surgeon of Baton Rouge.
Essentially the diagnosis of the Doctors Kurgis, Faludi, George and Dowell are the same. They state that Mrs. Boudreaux suffered a sprain of her neck and a lum-bosacral strain. She complained of soreness in her back and numbness in her legs and her big toe. These doctors all found no objective evidence to support her subjective symptoms and complaints and each one felt that she would recover in due time. There is no question but what she continued in her profession of school teaching and only lost a few days work. She did complain however of pain when she sat down or stood up for any length of time. Dr. Unkauf found that she had lum-bosacral strain and sprain of the neck, but in addition thought that she might have a ruptured lower lumbar and advised her to get a myelogram which she did not see fit to do. She wore a brace for a while and slept on a board on her bed and took analgesic drugs to relieve her suffering and pains. Dr. Unkauf estimated that she would have a 25 to 35% permanent disability and would have it until the ruptured lower disc was operated on, or a myelo-gram performed which would state whether or not that was the cause of her trouble. Dr. Unkauf also said that he found some objective symptoms.
We feel that the Trial Judge in estimating the damages considered the fact that Mrs. Boudreaux was not hospitalized, continued at her work after the summer vacation and had no objective symptoms to substantiate her complaints and in further view of the fact that she refused to submit to examination when requested by the defendants, that he was justified in making his award of $1750.00 for her injuries.
This brings us to the special damages claimed by Antoine Boudreaux. According to the record the repair bills were paid by the insurance company with the exception of $50.00 deductible, and the Court limited the recovery for these items to the $50.00.
With reference to the medical bills the Trial Judge awarded Antoine Boundreaux the sum of $683.95 to defray the medical expenses and damages to his automobile not covered by insurance.
The plaintiffs seek to have this amount increased to $1239.38. He includes in this amount $400.00 for future medical expenses, $290.43 for loss of wages and $50.-00 deductible from insurance paid on the car. We do not feel that the $400.00 for future medical expenses was proven by the evidence. The Trial Judge did not itemize how he arrived at this figure of $683.95. According to our interpretation of the various bills and the amounts due, we find that the following items have been proven : Dr. Malen and Woolfolk $75.00; Baton Rouge General Hospital $72.00; Snell’s Limbs and Braces $66.95; Dr. H. A. Faludi $80.00; Dr. I. L. George $160.00; Dr. Byron M. Unkauf $45.00; Loss of wages, 9 days at $32.27 per day $290.43; which is a total of $789.38. Adding to this the $50.00 deductible makes a total of $839.38 which we believe is the amount that Antoine Boudreaux should recover.
For these reasons it is ordered that the judgment of the Trial Court be amended by increasing the award to Antoine Boud-reaux to the sum of $839.38 and in all other respects the judgment of the Lower Court is affirmed, at the costs of the defendants.
Amended and affirmed.