LANDRY, Judge.
This matter, an action in tort fot; damages for personal injuries accidentally sustained, comes before us in response to an alternative writ of mandamus \issued by this court, ordering the honorable Trial Court to either order plaintiff to submit to a physical examination at defendant’s behest, pursuant to LSA-C.C.P. Article 1493, or show cause why such an examination should not be had prior to trial of this matter on its merits.
*629 The sole question before the court is whether defendant-applicant, Flash Truck Line, Inc. (Flash), has shown “good cause” for such an examination as required by article 1493, above. We find that defendant has shown the requisite good cause and make the writ peremptory.
The accident occurred April 16, 1966. As a result thereof, plaintiff allegedly sustained a shoulder injury and other bodily damages which reputedly rendered him totally and permanently disabled. It appears that one of the basic issues upon trial below will be the extent of plaintiff’s residual injuries.
Trial of this matter on its merits has been set for May 20, 1970. Although numerous pre-trial medical depositions have been taken, none have as yet been introduced into the record. Counsel for respondents-plaintiffs maintain that to order the requested examination will result in postponement of the trial in that they will be compelled to make further examinations in rebuttal thereof. Respondents also argue that pre-trial medical depositions, not introduced in evidence, cannot be considered in determining whether applicant has established good cause for such an examination as is required by Article 1493, above. So far as we are aware, the question of whether pre-trial medical discovery depositions may be considered by an appellate court upon application for a writ of mandamus to compel a medical examination pursuant to Article 1493, above, prior to trial on the merits, is presented as a matter of first impression. In this connection we note that the depositions do not form part of the record before us. The application, however, contains excerpts from the several depositions. Respondents argue that the several depositions should not be considered by this court as they have not yet been introduced in evidence. Alternatively, it is contended that we should consider the depositions in their entirety, not mere excerpts therefrom.
We are of the view that the depositions in question cannot be considered by us because they have not been introduced in evidence. Nor do they form part of the record on which this application is submitted. We therefore disregard those excerpts included in applicant’s brief.
Article 1493, above, is predicated on Rule 35(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Its invocation, in tort actions, does not confer the absolute right to require a medical examination; good cause therefore must be shown. Lindsey v. Escude, La.App., 179 So.2d 505. A compulsory medical examination involves a sensitive question intimately involving the constitutionally protected sanctity of the person. Monroe v. Northwestern National Insurance Co., La.App., 210 So.2d 365. This particular discovery device is the most limited of all; the concomitant requirement of a showing of good cause is a serious aspect which must be met by more than mere pro forma allegations. For these reasons discrimination should be exercised in the application of this particular discovery media. Monroe, above.
We note that in LaFleur v. Coca-Cola Bottling Co. of Lake Charles, La.App., 195 So.2d 419, on appeal the case was remanded to the trial court which was directed to have plaintiff re-examined where the medical testimony was in conflict and alleged residual injuries could not be determined with reasonable certainty from the record.
It is conceded that plaintiff’s alleged residual disability is one of the pivotal issues to be tried. It is not disputed that plaintiff has been previously examined by Dr. Charles J. Aswell, Physician and Surgeon; Dr. Robert Luke Bordelon, Orthopedic Specialist; Dr. J. Hugh Larriviere, Orthopedic Specialist; Dr. John D. Jackson, Neuro-Surgeon, and Dr. Richard W. Levy, Neuro-Surgeon.
Through his attorney, plaintiff, on September 5, 1968, consented to an examina *630 tion by an orthopedic specialist, Dr. Stewart Phillips, which examination was scheduled for September 10, 1968. Plaintiff, being hospitalized on September 10, 1968, could not keep the appointment. On October 3, 1968, plaintiff’s counsel advised defendant’s counsel that plaintiff was out of the hospital and could- be rescheduled for the orthopedic examination.
At defendant’s request, plaintiff was examined by Dr. Richard W. Levy, NeuroSurgeon, in July, 1969. In a report dated July 10, 1969 (a copy of which is attached to this application), Dr. Levy noted in effect that he could find no neurological explanation for plaintiff’s complaint of anesthesia in the upper right extremity, neither could he find any neurological reason why plaintiff should not return to his customary occupation.
Plaintiff, having previously consented to the orthopedic examination, declined to submit to such an examination after Dr. Levy’s report was rendered.
Considering that plaintiff’s alleged residual disability is apparently a crucial question in this matter, it is reasonably probable that an orthopedic examination may shed revealing light on this issue. Considering also the fact that plaintiff has previously consented to such an examination, we are of the view that “good cause” for ordering the examination has been shown.
It is ordered, adjudged and decreed that the alternative writ hereinbefore issued be made peremptory and that the Honorable Remy Chiasson, Judge, Seventeenth Judicial District Court, Terrebonne Parish, be and he is hereby ordered and directed to command plaintiff, Rodney Lejeune, to submit to a physical examination by an orthopedic specialist chosen by defendant, Flash Truck Line, Inc., all expenses incident to this writ to be paid by plaintiff, Rodney Lejeune.
Writ issued.