REDMANN, Judge.
Defendants, the driver and the insurer of one automobile which struck another’s rear, appeal from a judgment in favor of plaintiffs, the other car’s driver and passenger, for damages resulting from the collision.
We annul as to defendant driver, who was neither cited nor waived citation, C. C.P. art. 1201. We affirm as to the defendant insurer.
The purpose of defendant insurer’s appeal is to obtain a reduction in the $900 pain and suffering award to each plaintiff on the ground that plaintiffs would not submit to a physical examination by defendant’s orthopedist prior to their filing suit. (An examination after suit filed would have been pointless since plaintiff’s doctor had already discharged them, less than four months after the accident.)
Defendant’s desire for a physical examination was indicated to plaintiffs’ then counsel’s secretary by telephone calls some two weeks after the December 19, 1966, accident. The lawyer never answered defendant’s adjuster’s many telephone calls. On March 14, 1967, the adjuster wrote the lawyer attempting to arrange an examination for March 28 or other convenient date. By April 5 and 10, respectively, plaintiffs were discharged by their own physician.
Defendant complains of the unfairness of permitting a prospective plaintiff with a temporary injury to refuse examination by the prospective defendant’s physician, resulting in exclusively “ex parte” medical evidence, citing Kennedy v. New Orleans *815 Ry. & Light Co., 142 La. 879, 77 So. 777 (1918), and Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (1929). Defendant argues the quantum should be cut in half, citing Purnell v. Travelers Ins. Co., 205 So.2d 628 (La.App.1967).
Plaintiffs cite a thoughtful Note on Pur-nell at 44 Tulane L.Rev. 174 (1969), which questions the appropriateness of the pre-Code of Civil Procedure Kennedy and Bailey theory, especially since C.C.P. art. 1434 does expressly authorize “orders of the character provided in articles 1492 through 1495” even before suit is filed. Art. 1493 provides for medical examinations of a party. Plaintiffs’ position is that a mere request for a physical examination before suit filed may be ignored with impunity; that only a court-ordered physical must be submitted to, under the penalties of art. 1513 for noncompliance.
Defendant’s counsel argues his actual experience at trial level is that the district courts will not order a physical examination prior to suit. 44 Tulane L.Rev. at 183, n. 60, cites three district court cases utilizing art. 1434 as a basis for an art. 1493 order prior to suit.
The mechanical-verbal difficulty with art. 1434 is evident from the fact it deals primarily with perpetuation of testimony, and a prospective defendant seeking a medical examination of a prospective plaintiff is not, in any absolute sense, seeking to perpetuate, but rather to make possible, the testimony of a physician. Only in an analogous sense might this be called perpetuation: ordinarily, perpetuation is sought to prevent the testimony’s ceasing to be available for trial, and here it is sought to prevent the testimony's never becoming available for trial.
Our defendant did not seek an order for the medical examination of plaintiffs, and it argues it could not have obtained it anyway. In any case, the first time it expressly and specifically requested the examination was for March 28, by its letter addressed to plaintiffs’ then counsel. By March 28, even according to plaintiffs’ doctor, such an examination would have revealed little or nothing because the alleged injuries had almost entirely subsided. Defendant’s preparation of its defense was not significantly affected by plaintiffs’ then refusal to consent to the proposed examination. Defendant should have recognized in the early part of January that plaintiffs’ counsel was dodging its adjuster. A specific written request, or an attempt to obtain an art. 1493 order under art. 1434, at that time would have presented more squarely the question whether art. 1434’s authorization of such order was applicable under the circumstances, or whether the Kennedy-Bailey theory alluded to by Pur-nell remains unaffected by art. 1434 and affords some relief.
(We do note that neither Purnell nor Kennedy, each of which in fact reduced quantum by half, attempts to assert a general rule of 50% reduction anyway.)
Because of the circumstances here, we need not and do not decide whether an earlier simple (but specific) request would have sufficed to afford defendant some relief, or whether art. 1434 would have made available an order which alone would have been defendant’s remedy. Right or wrong in form, defendant’s specific request when made, even if complied with, would not have helped defendant’s defense of the case. Plaintiffs’ refusal at that time did not prejudice defendant.
There is evidence in the record of cervical and lumbo-sacral strains to both plaintiffs, and of the treatment thereof, which, if believed by the trial court, justifies the $900 award to each for pain and suffering. We find no abuse of discretion in the amount of the award, and we are unable to apply defendant’s theory of reduction.
The judgment appealed from is accordingly annulled insofar as it cast defendant Henry J. Rooney, and in all other respects it is affirmed.
Annulled in part, affirmed in part.