263 So.2d 50 (1972)
Janet VAUGHN, wife of/and Stanley Vaughn
v.
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK.
No. 4753.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1972.
Rehearing Denied June 20, 1972.
Writ Refused September 20, 1972.
*51 Badeaux, Discon & Cumberland, J. Michael Cumberland, New Orleans, for plaintiffs-appellants.
Dillon & Williams, C. T. Williams, Jr., New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Plaintiffs' vehicle operated by his wife, Janet Vaughn, was rear-ended by a car driven by Naomi A. Wigginton, who was insured by the defendant, Commercial Union Insurance Company of New York. The accident occurred on the down ramp exit leading from Causeway Boulevard to the Jefferson Highway in the Parish of Jefferson. Both plaintiff Janet Vaughn and the defendant have appealed from a judgment of $409 in favor of plaintiff Stanley Vaughn and a $3,000 award to Mrs. Vaughn for her personal injuries.
The question of liability, though not admitted, was never seriously disputed by the defendant. The major issue presented by the defendant's appeal is whether Mrs. Vaughn's refusal to submit to a physical examination by defendant's physician prior to the filing of suit subjects plaintiff to an adverse presumption on her medical evidence requiring a reduction in the award of damages. Plaintiff in her appeal seeks an increase in the quantum of damages awarded.
The evidence clearly reflects that prior to the filing of this suit the defendant had often requested, both orally and in writing, a physical examination of plaintiff. Plaintiff refused to submit to the examination upon her counsel's advice that she was not legally required to do so.
This case affords the opportunity of clarifying the right of a litigant to have the court order a claimant to submit to a pre-suit medical examination when the mental or physical condition of the party is in controversy.
The development of law concerning mental and physical examinations results from a conflict between the inviolability of the person[1] and the right to secure countervailing evidence of the injuries.
The landmark Louisiana case dealing with medical examinations is Kennedy v. New Orleans Ry. & Light Co., 142 La. 879, 77 So. 777 (1918). In that case a few weeks after the accident a physical examination of the plaintiff was made by the defendant's doctor but was only partially completed due to her complaints of pain. After suit was instituted plaintiff agreed to submit to a second examination provided the testimony of the defendant's doctor would not be adduced on the trial in defense of the matter. This condition being unacceptable, defendant sought to have the trial court compel the plaintiff to submit to examination by its doctor. The Louisiana Supreme Court found the trial judge correctly concluded he was without authority to compel an examination of plaintiff's person. On the other hand, the Court observed that the ex parte version of the injuries as reflected by the testimony of plaintiff and her witnesses without permitting the defendant the benefits of its own medical examination placed the defendant "at the mercy of the plaintiffs, who have only to *52 complain of injuries not visible outside of their clothing, * * * and sit tight, with no fear of possible contradiction." Kennedy at page 778. It was further decreed that the ex parte medical testimony of plaintiffs' witnesses alone could not serve as the basis for a judgment awarding damages for personal injuries in view of her refusal to submit to a physical examination. However, in order to expedite the conclusion of the matter, the Court reformed the judgment to a lesser sum which the defendant had previously indicated it was willing to pay, rather than remand the case or dismiss it as of non-suit.
Following the rationale of Kennedy, a judgment of non-suit was affirmed in the case of Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (Orl.1929), in which the plaintiff was not permitted to introduce medical testimony because of the failure to submit to a pretrial medical examination after the filing of the action.
Thus, under the foregoing jurisprudence there was no statutory authority empowering a trial judge to compel a litigant in a personal injury action to submit to a physical examination. The only penalties for the refusal to do so were a judgment of non-suit, exclusion of testimony, or an adverse presumption, resulting in the mitigation of damages.[2]
With the adoption of LSA-C.C.P. art. 1493,[3] the legislature provided for the physical and mental examination of parties after the filing of suit. In addition, Articles 1432[4] and 1434[5] permit the perpetuation of testimony prior to the institution of suit when necessary to "prevent a failure or delay of justice" and in furtherance thereof authorizes the court to issue such orders of the character prescribed in Articles 1492 through 1495.
It is important to consider the development of Federal Rule 35 and 27(a) (3), from which LSA-C.C.P. arts. 1493 and 1434 are derived since:
"* * * In interpreting an article of the Louisiana Code of Civil Procedure which is essentially based upon one of the federal rules, the Louisiana courts rely upon prior interpretations by the federal courts of the source federal rules as a persuasive guide to the intended meaning of such a Louisiana code article. Kay v. Carter, 243 La. 1095, 150 So.2d 27; Simon v. Castille, La.App. 3 Cir., 174 So.2d 660." Lindsey v. Escude, 179 So.2d 505, 507 (La.App. 3d Cir. 1965).
LSA-C.C.P. art. 1493 almost duplicates Federal Rule 35, which allows "the court in which the action is pending" to order a party to submit to an examination. In construing *53 the effect of Federal Discovery Rule 27(a) (3) in relation to Rules 34 and 35, the United States Court of Appeals, Ninth Circuit, in the case of Martin v. Reynolds Metals Corporation, 297 F.2d 49, 56 (1961), stated:
"As originally promulgated, Rule 27 contained no reference to Rule 34 or Rule 35, and for that reason it was held in Egan v. Moran Towing & Transportation Co., D.C.S.D.N.Y., 26 F.Supp. 621 (1939), that advantage could not be taken of Rule 34 in a proceeding under Rule 27. As a result of this decision, there was added to the second sentence of Rule 27(a) (3), which read: `The deposition may then be taken in accordance with these rules', a semicolon followed by: `and the court may make orders of the character provided for by Rules 34 and 35'. * * *
Thus we note the federal parallel for utilizing LSA-C.C.P. art. 1434 in conjunction with Article 1493 to order a litigant to submit to a pre-suit medical examination.
Though we have an appellate court expression confirming the right to a pre-suit examination under federal rules of procedure, this issue apparently has never been resolved by our state jurisprudence since the adoption of the Code of Civil Procedure. While the federal interpretation is not controlling in our consideration of these articles pertaining to pre-suit and pre-trial medical examinations, we are aware of the admonition reiterated in the Lindsey case, quoted supra, that it is to be accorded persuasive influence as to their intended meaning.
LSA-C.C.P. art. 1432 authorizes the filing of a verified petition to perpetuate testimony regarding any matter cognizable in any court of this State in which the anticipated action might be brought. It also prescribes the mandatory factual requirements necessary to constitute a valid pleading for this purpose.
In conjunction therewith LSA-C.C.P. art. 1434 provides that the court, upon being satisfied that the perpetuation "may prevent a failure or delay of justice," shall make an appropriate order designating the persons whose depositions may be taken, the subject matter of the examination, and whether the deposition will be by oral testimony or written interrogatories. In addition, it empowers the court to make orders of the character provided in Articles 1492 through 1495.
For the purpose of our consideration of the right to a pre-suit medical examination, we are primarily concerned with Article 1493. For it is this article of the Code which empowers the court to order a litigant to submit to a medical examination when the mental or physical condition of a party is in controversy. However, such an order may be issued only after notice is given to the party to be examined and on a showing of good cause. The order must specify the time, place, manner, condition and scope of the examination, the person to be examined and by whom.
Interrelating the authority given and the procedure required by these articles, we conclude that a pre-suit physical or mental examination of a claimant can be obtained if the following procedure has been followed:
a. The filing of a verified petition to perpetuate testimony in an anticipated action in the proper forum, fully complying with all of the requirements set forth in LSA-C.C.P. art. 1432.
b. In addition, the petition must reasonably sustain that the perpetuation of the testimony is necessary to prevent a failure or delay of justice. LSA-C.C.P. art. 1434.
c. In furtherance of the object of the proceeding, the petition must indicate that a mental or physical examination of a particular litigant is necessary to perpetuate certain medical evidence which is relevant to the issue *54 and likely to be lost with the passage of time.
d. The petition must allege with particularity the facts or circumstances which are submitted as constituting "good cause shown" as required by Article 1493mere pro forma allegations to this effect are insufficient.
After the foregoing has been effected it is necessary that a contradictory hearing be conducted in order for the court to determine the merits of the application. At this hearing the applicant must sustain that his actions are reasonable and warranted under the circumstances. He must bear the burden of proving that the desired examination is necessary because the mental and physical condition of the party is in controversy; that the passage of time has a critical bearing upon the diagnostic value of the examination; and that to permit the examination is to promote the perpetuation of essential evidence, whereas its denial would result in a failure or denial of justice. The applicant must submit proof of such character and preponderance as to convince the trial court that there is good and valid cause for the requested examination.
Simultaneously the hearing will permit the interested party to challenge the need for a pre-suit examination or, alternatively, to show that it will create a hardship, constitute harassment, be hazardous or harmful, or to urge some other objection.
Wide discretion is vested in the trial judge in determining whether the applicant has shown good cause for the examination sought as well as weighing the merits of the objections voiced against it.
If granted, the trial judge's order for an examination, under the authority of LSA-C.C.P. arts. 1434 and 1493, must be very explicit in its details and extremely circumspect in extent for the reasons so cogently stated in the case of Lindsey v. Escude, supra. The court declared at page 507 of 179 So.2d:
"* * * An order for a medical examination is not granted as of right; there must be a showing of good cause, and the party to be examined should be able to have the examination made at a time and place without undue inconvenience to himself, as well as to oppose examinations as unnecessary, painful, or hazardous. 2A Barron & Holtzoff, cited above, Section 822."
On page 508 it further stated:
"Moreover, a compulsory examination of an individual involves a sensitive question touching closely upon the constitutionally protected sanctity of the person."
This is why the showing of good cause is a mandatory prerequisite for the issuing of such an order, which must contain all of the information and data exacted by Article 1493. See also LeJeune v. Flash Truck Line, Inc., 233 So.2d 628 (La.App. 1st Cir. 1970).
Our conclusion that an order for a medical examination may be obtained prior to suit as part of the procedure for perpetuating testimony is in accord with the ruling of the Supreme Court in the case of The Petition of Security Insurance Co. of Hartford, 258 La. 545, 246 So.2d 858 (1971).[6] However, its effect is only persuasive rather than controlling since on rehearing the Court recalled and vacated the writ, concluding its supervisory powers should not have been invoked. 258 La. 561, 247 So.2d 389 (1971).
*55 This conclusion is also consonant with prior expressions of this court in considering several supervisory writ applications which were refused, not because the trial court was without authority to issue the order, but because the application contained procedural deficiencies.
In In re: Petition of Maryland Casualty Company (involving Joseph Heck), No. 5126 on our docket, the trial judge found that good cause had been shown, but denied the motion because he was without authority to order the examination. When the application was presented to this court, we found that there was no reference to any deposition or any testimony to be prepetuated and denied the application for the following reasons:
"The record makes no showing that the medical examination is sought as part of the procedure for the perpetuation of testimony, LSA-C.C.P. [arts.] 1432, 1433, 1434, and 1493. The application for writs is denied."
In Zurich Insurance Company v. Viola, No. 5241 on the docket, the petition contained deficiencies of allegations, particularly the facts desired to be established by the proposed testimony, the reason for desiring to perpetuate it, the names and addresses of the persons to be examined, and the substance of the testimony expected to be elicited (LSA-C.C.P. art. 1432(3) and (5) ); the good cause for the requested examination (LSA-C.C.P. art. 1493); or the reason that the perpetuation of the testimony would prevent a failure or delay of justice. We denied the application for the following reasons:
"As relator's perpetuation of testimony does not conform with the requirements of C.C.P. Art. 1432, particularly subsections (3) and (5), and does not allege facts constituting the `good cause' required by C.C.P. Art. 1493 or showing the possible `failure or delay of justice' required by C.C.P. Art. 1434, the application is denied."
Thus, no appellate decision of which we are aware has yet ordered a medical examination in connection with the perpetuation of testimony. However, we have indicated previously and now indicate in this opinion that an examination can be obtained under LSA-C.C.P. arts. 1434 and 1493, when the requirements of the Code for perpetuation of testimony are observed.
In Marullo v. Rooney, 245 So.2d 814, 815 (La.App. 4th Cir. 1971), we observed:
"The mechanical-verbal difficulty with art. 1434 is evident from the fact it deals primarily with perpetuation of testimony, and a prospective defendant seeking a medical examination of a prospective plaintiff is not, in any absolute sense, seeking to perpetuate, but rather to make possible, the testimony of a physician. Only in an analogous sense might this be called perpetuation: ordinarily perpetuation is sought to prevent the testimony's ceasing to be available for trial, and here it is sought to prevent the testimony's never becoming available for trial." (Emphasis supplied.)
In that case the defendant did not file a motion seeking an order for a medical examination and in fact did not specifically request by any means an examination until after the claimant's symptoms had subsided. We refused to allow a reduction in the award of the trial court.
In the present case defendant did request a medical examination during the course of plaintiff's treatment, but was refused. We now hold that defendant could have sought an order for a medical examination after a hearing upon motion for good cause shown.
Since the defendant in the instant matter did not proceed in accordance with LSA-C.C.P. arts. 1433, 1434 and 1493, but instead relied upon the oral and letter requests of its adjustor for such examination, we cannot invoke the appropriate penalty prescribed under Article 1513 for the plaintiff's refusal to comply. The trial court's action in this respect is affirmed.
*56 Regarding the appeal of Mrs. Vaughn to increase the quantum of damages for her injuries, we have reviewed all of the testimony in connection therewith and find the award of the trial judge to be reasonable and adequate.
For the foregoing reasons the judgment of the trial court is affirmed, the costs of this appeal to be borne equally by the parties.
Affirmed.
NOTES
[1] Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734 (1891).
[2] Bailey v. Fisher, supra, and Kennedy v. New Orleans Ry. & Light Co., supra.
[3] LSA-C.C.P. art. 1493 provides:

"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
[4] LSA-C.C.P. art. 1432 states:

"A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. * * *"
[5] LSA-C.C.P. art. 1434 reads in part:

"If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with this Chapter, and the court may make orders of the character provided in Articles 1492 through 1495. * * *"
[6] "Articles 1434 and 1493 of the Louisiana Code of Civil Procedure authorize the Court when good cause is shown to order a claimant to submit to a medical examination as part of the procedure for the perpetuation of testimony. The ruling of the trial judge that the court is without authority to issue such an order until the claimant files suit is in error."