ON THE MERITS
In oral reasons for maintaining defendants’ exceptions of no right and no cause of action, the trial judge stated: “Much of this information is in the nature of things pure discovery and not a matter of perpetuation.” We agree.
The authority for perpetuation of testimony, before a suit is filed, is found in LSA-C.C.P. art. 1429. Also, LSA-C.C.P. art. 1431 provides that if the court is satisfied that the perpetuation of the testimony may prevent “a failure or delay of justice” it shall render an order designating the persons and conditions under which the depositions may be taken.
These Code of Civil Procedure articles are derived from Rule 27 of the Federal Rules of Civil Procedure and Louisiana Courts rely upon Federal Jurisprudence as a persuasive guide to the intended meaning of these articles.[1] In this connection, the Federal Courts have recognized that the purpose of Rule 27 is the perpetuation of testimony for use as evidence and is not intended to be used as a discovery device. See Ash v. Cort, 512 F.2d 909 (3rd Cir., 1975), reversed in other aspects 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); Petition of Ferkauf, 3 F.R.D. 89 (S.D.N.Y., 1943).
The appropriate discovery article in the Louisiana Code of Civil Procedure is LSA-C.C.P. art. 1422 which in pertinent part provides:
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or to the claim or defense of any other party, . . . ”
A comparison of this article with LSA — C. C.P. art. 1429, the perpetuation of testimony provision, indicates that LSA-C.C.P. art. *1307 1422 is broader in scope than LSA-C.C.P. art. 1429. This latter article (LSA-C.C.P. art. 1429) requires that a petitioner desiring perpetuation of testimony must.specify: 1) that he expects to be a party in a cognizable state action, but is presently unable to bring suit or cause a suit to be brought; 2) the subject matter and his interest in the expected action; 3) facts which he desires to establish and his reasons for perpetuation; 4) names or description and addresses of persons expected to be adverse parties; and 5) names and addresses of deponents and the substance of testimony which he expects to elicit from each, with a request for a deposition order.
When we compare the allegations of the petition in the instant suit with the requirements of LSA-C.C.P. art. 1429 and also with the provisions of LSA-C.C.P. art. 1422, relating to discovery, we are led to conclude that the trial judge was correct in his observation that much of the information sought is in the nature of “pure discovery and not a matter of perpetuation.”
We believe plaintiffs have complied with LSA-C.C.P. art. 1429’s first requirement in alleging sufficient basis that they are potential litigants in a possible future suit with defendants over the contemplated project. Further, because approval of the particular plans and bids have not as yet materialized they are presently unable to file suit.
Complying with the second requirement, plaintiffs have shown that the contemplated project would possibly have an effect on their interests as lessees and as representatives of the taxpayers. Moreover, they seem to adequately set forth the subject matter of the expected litigation, namely, disruption of their peaceable possession of their leased properties, obstruction of ingress and egress to these leased properties, creation of safety and environmental hazards, inadequacy of the projected use of the project, and waste of the taxpayers’ assets and money.
Plaintiffs’ compliance with the third requirement is more troublesome. According to their petition, plaintiffs desire to elicit from all seven of the deponents a multitudinous list of wide range types of information, and additionally, request a Subpoena Duces Tecum to procure numerous documents. It is at this point the trial judge has the discretion to balance, prior to filing of a suit, the need for such general and broad information with the prevention of harassment and an unnecessary waste of the time and money of defendants and deponents. The trial judge determined that the list of information was not justified at this time. We agree. But, this is not to say that a more limited and less inclusive request could not be made.
In contrast to the discovery device used after suit has been brought, the perpetuation of testimony is to be used in a limited fashion to preserve essential evidence that may be lost before it can be used in litigation. Plaintiffs have not adequately shown with specificity the particular evidence that is essential to preserve at this time, nor have they sufficiently shown that this evidence, particularly, documentary evidence, will not be available in the future.
As required by subsection (4) of LSA-C. C.P. art. 1429, plaintiffs have given the names and addresses of potential adverse parties.
Finally, plaintiffs have also supplied the names and addresses of the desired deponents, as required in subsection (5) of LSA-C.C.P. art. 1429. However, the requirement also compels plaintiffs to show the substance of the testimony to be elicited from each deponent. Plaintiffs have failed to particularize the substance of this testimony they wish to solicit from each. Again, specificity in the substance requested is required rather than a catch-all general request for plans, alternative leases, funding, discussions, and all other related matters.
LSA-C.C.P. art. 1431 confers on the trial judge broad discretion in determining whether the perpetuation may prevent a failure or delay of justice. See also Vaughn v. Commercial Union, supra. We find no abuse of that discretion in the instant case.
The judgment is affirmed.

AFFIRMED.

. Vaughn v. Commercial Union Insurance Co. of New York, 263 So.2d 50 (La.App. 4th Cir., 1972), writs denied, 262 La. 1107, 266 So.2d 425 (1972).