TATE, Judge.
This suit results from a collision between a left-turning pickup truck driven by the plaintiff Stewart, and an overtaking Plymouth sedan operated by the defendant McCarthy. The plaintiff and his wife and daughter, guest passengers, sue McCarthy and his liability insurer.
The trial court found both drivers guilty of negligence. It therefore denied recovery to the plaintiff Stewart, but awarded damages for the passenger wife and daughter’s personal injuries. The plaintiffs alone appeal.
The sole issues posed by their appeal are: (1) Did the trial court err in holding that negligence of Stewart contributed to the accident? and (2) Were the awards of damages for the injuries sustained by the wife and daughter so insufficient, as to constitute an abuse of the trial court’s great discretion on the question?
The accident occurred at about noon on July 8, 1966. Both vehicles were proceeding westward on a main highway. The plaintiff Stewart slowed and turned left at a T-intersection. He was struck by McCarthy, who had pulled out to pass a line of three or four intervening vehicles.
The Stewart pickup truck had completely cleared the paved portion of the highway when struck on its left door by the front of McCarthy’s Plymouth. The impact occurred nine feet south of the south edge of the highway. McCarthy’s Plymouth left a total of 105 feet of skid marks behind it; 69 of which were in the passing lane, the remaining 36 feet trailing off onto the south shoulder and on to the point of impact.
In its written reasons for judgment, the trial court stated: “The Court is of the opinion that the defendant McCarthy was guilty of negligence in attempting to pass this tremendous number of cars in such a heavily traveled area. The Court is also convinced that without a doubt Stewart, the plaintiff driver, is guilty of contributory negligence. The defendant McCarthy had to pass several cars before he got to the plaintiff’s Stewart’s vehicle. If the plaintiff Stewart had taken any precautions he would not have pulled out and attempted to turn left while the defendant McCarthy was attempting to pass. Of necessity the defendant McCarthy had to be in the passing lane at the time that Stewart commenced to make his left turn.”
In an excellent brief minutely and ably analyzing the evidence, counsel for the plaintiffs-appellants suggests that the trial court committed manifest error in assuming that McCarthy had to be in the passing lane, at the time that the plaintiff Stewart commenced his turn. Counsel thus suggests that, after proper signal and lookout to his rear, Stewart commenced his turn, only to be struck by McCarthy, who *217 thereafter commenced his imprudent maneuver of attempting to pass three or four slow-moving vehicles at the intersection in this area of heavy traffic.
Essentially, the trial court’s factual finding that Stewart commenced his left .turn after (instead of before) McCarthy pulled into the passing lane is founded upon a specific unfavorable evaluation of exonerating testimony of the Stewart witnesses, and upon an acceptance of McCarthy’s testimony to this effect.[1] Under this factual finding, Stewart was contributorily negligent in commencing his left turn after failing to observe McCarthy overtaking him in the passing lane.
Nor do we find that a contrary factual determination is required by the circumstance that Stewart’s truck was not struck until after he had almost completed his turn off the highway. Considering the length of McCarthy’s skid marks (and preceding reaction time), as well as the respective speeds of the vehicles, we are unable to hold that the place of impact necessarily indicates that McCarthy had (or had not) commenced his passing maneuver before Stewart turned left.
Under well-settled principles, a trial court’s determinations of fact will not be disturbed upon appellate review in the absence of manifest error, especially where founded upon the trier of fact’s evaluation of credibility. The factual determination should be affirmed where, as here, grounded upon evidence which may be reasonably evaluated to support it. Sarvaunt v. New Hampshire Insurance Co., La.App. 3d Cir., 220 So.2d 120, 121.

Quantum

The plaintiffs’ appeal also questions as insufficient the awards of general damages for the personal injuries of the wife and daughter. The former was awarded $1,000 for a mild whiplash injury, and the latter $1,500 for a mild to moderate one.
The trial court noted exaggerations in their testimony and the failure to connect medically some of the daughter’s symptoms with the initial injury. The trial court also noted that actual medical treatment for trauma-connected complaints was in both instances only four to seven months.
Although the monetary amount awarded to the daughter seems conservative, we are unable to say that either award constitutes an abuse of the great discretion of the trial court (Civil Code Article 1934; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127) to award general damages for personal injuries. See, e. g., Fontenot v. Snow, La.App. 3d Cir., 149 So.2d 172.

Decree

For the reasons assigned, we affirm the judgment of the trial court, at the cost of the plaintiffs-appellants.
Affirmed.

. See e. g., Tr. 213-14:
“Q. Where were you when you first observed that Mr. Grady Stewart while driving a Chevrolet truck was in the act of making a loft turn at Tipperary Street?
“A. That is hard to say sir, I feel that I had passed one vehicle at this time, I was in the eastbound lane at the time and had passed at least one car and then I saw his fender, 1 saw what appeared to be a vehicle turning into the passing lane where I was passing, I can’t place exactly where I was.”
This testimony was repeated in several versions to the same effect. See, e. g., Tr. 369. We are not persuaded by the appellant’s argument that differences of wording reflected any admission compelling a deduction to the contrary.