241 So.2d 778 (1970)
Gloria D. JENNINGS, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellants.
No. 3252.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1970.
Gold, Hall & Skye, by James D. Davis, Alexandria, for defendants-appellants.
Ford & Nugent, by William M. Ford, Alexandria, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained in an automobile accident. From an adverse judgment, defendants appealed. Plaintiff answered the appeal, seeking an increase in the award.
The issues are (1) the negligence of the defendant motorist, Alex Sanders; (2) contributory negligence on the part of the plaintiff; and (3) the quantum of the award.
*779 The accident occurred on Lee Street in the city of Alexandria. At this point, Lee Street is a four-lane thoroughfare with two lanes for southbound and two for northbound traffic. Roy Street intersects Lee Street from the east, forming a T-intersection. On the west side of Lee Street, about eight feet from the curb and opposite Roy Street, is a building owned by O. J. Johnson. About one-half block north of Roy Street a railroad track crosses Lee Street in an east-west direction.
Plaintiff's version of the accident is that she was driving south on Lee Street at a speed of 30 to 35 miles per hour. It was about 7:45 a. m. and the weather was clear and dry. She had just crossed the railroad tracks and was in the outside lane for southbound traffic. The defendant Sanders was in the inside southbound lane, about two-car lengths ahead of plaintiff. Sanders suddenly turned to the right into the outside lane, directly in plaintiff's path. She applied her brakes, turned to the right and went on the west shoulder in an effort to avoid striking the Sanders vehicle. Plaintiff's automobile struck the front of the Johnson building and then a utility pole, located four to six feet from the west curb of Lee Street. This caused the rear of plaintiff's automobile to swing around onto Lee Street and strike the right side of defendant's automobile which was then in the outside lane. Her vehicle came to rest pointing in a northwesterly direction with the rear portion in the outside lane.
Plaintiff's testimony is corroborated by the physical facts described by the investigating officer, Don Johnson. He stated that he found plaintiff's vehicle left 94 feet of skidmarks to the point where it came to rest. These marks started in the outside lane, but for most of this distance plaintiff's righthand wheels were on the graveled shoulder and her left hand wheels on the pavement. The officer also found 14 feet of skidmarks left by the Sanders automobile, beginning in the inside lane and going in the outside lane, where this vehicle came to rest with about the front one-half in the outside lane at a point near where plaintiff's car came to rest.
The defendant Sanders gave a conflicting version of the accident. He says he was traveling in the inside southbound lane at a speed of 25 to 30 miles per hour and came upon a car in front of him which was giving a signal for a left-hand turn onto Roy Street. Sanders says he slowed almost to a stop and allowed the car in front of him to turn. He had just accelerated to continue when he heard plaintiff's brakes squealing behind him. Then followed the impact when plaintiff's vehicle struck his. It is the contention of the defendant motorist that he never left the inside lane.
The district judge found the facts to be in accordance with plaintiff's version. The evidence abundantly supports this conclusion.
Under the facts found, the defendant Sanders was negligent. LSA-R.S. 32:104, par. A states in pertinent part that no person shall "turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." Our jurisprudence under this statute holds that before a vehicle may change from one lane to another, the driver must first ascertain that the maneuver can be accomplished without endangering following traffic. Williams v. Lafauci, La.App., 166 So.2d 42; Scott v. Travelers Insurance Company, La.App., 194 So.2d 154.
Applying these rules of law to the present case, the defendant was negligent in changing from the inside lane to the outside lane when it was unsafe to do so without endangering plaintiff's following vehicle.
Defendant's argument that plaintiff was contributorily negligent is based on the contention that she was exceeding the speed limit of 35 miles per hour. Plaintiff testified at the trial that she was driving 30 to 35 miles per hour. It is true that she left 94 feet of skidmarks to a point where her *780 vehicle came to rest but the evidence shows that for the greater part of this distance the righthand wheels were on the graveled west shoulder of the road. The evidence also indicates that it had been raining and the dirt and gravel were wet. We find no manifest error in the trial judge's conclusion that defendants have failed to sustain their burden of proving plaintiff was contributorily negligent.
The final issue is whether the award of $2,250 to plaintiff for general damages is inadequate or excessive. The facts show that on the day of the accident, December 19, 1968, plaintiff went to Dr. L. J. Credeur, a general practitioner in Alexandria, complaining of pain in her neck and low back. This physician found "she showed quite a bid of spasm of her lumbosacral area with some tenderness there, also she had some mild spasm and stiffness of the neck muscles at that time." He diagnosed acute moderate lumbo-sacral sprain and mild sprain of the neck. His prescription was drugs for pain and muscle relaxation, with instructions to return in one week for evaluation.
Plaintiff did return after a week but was unable to see Dr. Credeur because he was in surgery. She testified she continued to take the medication and the neck symptoms subsided after about one month. However, the low back continued to give trouble.
She returned to Dr. Credeur on September 8, 1969, complaining that, although she had continued to take the medication, she had almost continuous pain and discomfort in the low back. On examination, Dr. Credeur found "she still had some spasm that I attributed to probably a lingering slow reaction condition from her injury." The doctor also found she still had "some mild stiffness of the neck also and especially on rotation." He advised her to continue the medication.
Plaintiff saw Dr. Credeur for the last time on March 24, 1970, preceding the trial of this case on April 30, 1970. On this occasion her complaints related to her low back. The doctor found that the condition had "probably stablized, not meaning that it was well but it was stablized, mild, chronic low back strain by that time." He said he found muscle spasm and expressed the opinion that since she had not recovered by that time she probably had aggravated a pre-existing arthritic condition of the lumbo-sacral spine.
The defendants make a strong argument that plaintiff only saw the doctor three times and his bill was only $67. They also point to the fact that plaintiff only missed five days from work, and these were not consecutive. She missed the day after the accident and then five other days which she was unable to identify. Defendants also argue that Dr. Credeur's diagnosis of aggravation of pre-existing arthritis was not supported by x-ray and is highly suspect for a 31-year old woman.
Nevertheless, the testimony of plaintiff and Dr. Credeur is uncontradicted. Defendants introduced no expert medical testimony. Under plaintiff's evidence, the award by the trial judge is not an abuse of his great discretion.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.
HOOD, J., dissents, being of the opinion that plaintiff is barred from recovery by her own contributory negligence.