GULOTTA, Judge.
This appeal comes to us from a jury trial in which plaintiffs were awarded a total of $800 for damages and personal injuries sustained as a result of a rear end collision.
The plaintiffs prosecute this appeal asserting that the awards granted were insufficient to adequately compensate them for injuries received.
The record reveals that on October 3, 1968, at approximately 9:55 a.m. at the intersection of St. Claude Avenue and Louisa Street in the City of New Orleans, petitioners Mrs. Cynthia Dolores Stinson and Sandra Gullette, minor daughter of Richard Gullette, were injured when the automobile in which they were traveling *290 was struck from the rear by a truck operated by defendant, Matthew Lewis. The automobile in which plaintiffs were riding was owned by their father, Richard Gul-lette, Jr.
After a trial on the merits, judgment was rendered in favor of plaintiffs, Richard Gullette, Jr., individually and as head and master of the community, in the amount of $100; for Richard Gullette, Jr., as administrator of the estate of his minor daughter, Sandra Gullette, in the amount of $500; and for Cynthia Dolores Stinson in the amount of $300.
The question of liability was not contested in the trial court and liability was stipulated. The only question presented for our determination is whether or not the jury award was adequate both as the award relates to special damages and damages for injury, pain and suffering.
Plaintiff, Richard Gullette, sought damages individually as head and master of the community in the sum of $494 including damages for repair to his automobile in the sum of $77.50 and loss of wages of Sandra Gullette in the sum of $100 as well as other special damages which include medical expenses.
Additionally, plaintiff, Richard Gullette, sought separate damages individually and as administrator of the estate of and for the use and benefit of his minor daughter, Sandra, for injury, pain and suffering.
Cynthia Stinson sought special damages including loss of wages in the sum of $268. She sought additional damages for injury, pain and suffering.
Insofar as evidence concerning the loss of earnings, the record is without corroborative evidence covering records of employment. There appears also to be a lack of evidence in the record concerning damage to the automobile of plaintiff, Richard Gullette. Apparently, the jury gave little weight to this evidence concerning the damages to the automobile.
The testimony of Dr. Samuel Montal-bano reveals that Sandra sustained an acute cervical spasm and lumbosacral spasm in addition to acute soft tissue and muscle trauma to the cervical and lumbo-sacral region. The treating physician, Dr. Montalbano, testified that she suffered with pain in her neck with objective para-vertebral muscle spasm with five degrees flexion and five degrees extension. In addition, she experienced pain with lateral motion in either direction. Miss Gullette testified that at the time of the trial she continued to suffer with pain in her neck and lower back. She stated that she experienced “shooting pains” for one month after the accident and that she found it impossible to sleep during this time. Dr. Montalbano prescribed the following treatment for Sandra: Thompson neck collar, physiotherapy, muscle relaxant, medication for pain. He testified that full muscle power is not retained for four to six weeks following such an injury, and that pain would continue for the same period of time.
Sandra Gullette was seen by Dr. Montal-bano on five occasions from October 4 through October 28. She was discharged at that time. Medical expenses incurred on her behalf were $75 for Dr. Montalbano and $205 for Ridgelake Laboratories. In addition plaintiff, Richard Gullette, incurred $15 expenses for medication for Sandra.
As a result of the accident, Cynthia Stinson sustained a fractured nose and a cervical spasm of lesser severity than the spasm suffered by Sandra. In addition she experienced an acute soft tissue muscle trauma. Initially she suffered severe pain from the nose injury which decreased intermittently after a week or ten days when it became mild as the swelling subsided. She experienced spasmodic pain for a period of four to six weeks. At the time of the trial she stated that her nose was larger than it was prior to the accident.
*291 Her physician, Dr. Montalbano, prescribed medication to reduce swelling in the area of the nose, medication to relax muscles, medication specifically for headaches and physiotherapy. Medical expenses incurred by Cynthia were in the sum of $153.00 for Dr. Montalbano and $98.00 for Ridgelake Laboratories, and in addition $12.36 for medicine, totaling $263.36.
At the trial, the defendant objected to Mrs. Stinson’s claim for recovery of medical expenses on the grounds that her husband as head and master of the community was the proper party plaintiff, LSA-C.C.P. 686, and that in the absence of the husband or his authorization to assert the claim for medical expenses, recovery could not be obtained.
Although the Code of Civil Procedure was amended in 1970 to permit the wife to sue in her own name, under article 695, which is applicable to the instant matter, the wife must be specially authorized by her husband to sue to enforce a right of the marital community.
The trial judge charged the jury that they must find that Mr. Stinson authorized his wife to sue in her own name. However, from the record we have no way of knowing if the jury found such authorization, and thus we do not know if the $300 award included special damages or if it represented an award for pain and suffering. Because we are not cognizant of what the jury took into consideration, we cannot ascertain the basis upon which the amount as awarded was predicated.
Mrs. Stinson testified that she had received authorization from her husband to file the suit and further, plaintiff, Richard Gullette, testified that the husband of Mrs. Stinson authorized his wife to file these proceedings. While their statements and testimony may be of a self-serving nature, nevertheless the record reflects that they are uncontroverted and in the absence of testimony of a contravening nature, we must accept this as true.
It is well stated law that the Court of Appeals should not disturb an award of damages of a jury unless it is evident from the record that there was an abuse of discretion, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. Although it is the rule that each case must be decided on its own facts, “* * * the amounts of awards in similar cases are relevant for the exclusive purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the ‘much discretion’ vested in the trial court.” Harney v. Kountz, La.App., 218 So.2d 913,918.
In Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71 where whiplash injuries were involved similar to the instant case, the Supreme Court reinstated the judgment of the Court of Appeal reducing the jury award of $8,000 for plaintiff and $3,000 for co-plaintiff. The facts revealed that plaintiff “suffered a moderate whiplash injury which never required any more than conservative treatment with muscle relaxants, pain drugs and physiotherapy. * * * The duration of the residuals was eleven months.” 169 So.2d at 72. The proper award for said injury was $3,000. The court further reasoned that co-plaintiff had only suffered slight pain which was cured in a few months without residuals and thus the reduction of that award to $1,500 for whiplash injury was proper.
In Stewart v. McCarthy, La.App., 228 So.2d 215, the court found that a $1,000 award for a mild whiplash was sufficient. However, in affirming a $1,500 award for a whiplash, the court in Stewart commented that the $1,500 award “seems conservative.”
The court in Trosclair v. Higgins, La. App., 216 So.2d 558, found that an award of $1,200 was sufficient for an acute cervical sprain which caused pain to persist for a month.
After reviewing the jurisprudence we find that the award in this case was not consistent with other decisions involving *292 similar injuries and in light of the circumstances of the case we hold that the jury awards for Sandra Gullette and Cynthia Stinson were manifestly insufficient. Where the jury commits such error, it is the duty of the appellate court to adjust the award, Johnston v. Bearden, La.App., 127 So.2d 319.
Therefore, for the reasons herein above set forth, we find that the jury award to Richard Gullette individually and as head and master of the community should be increased to the sum of $295. We further find that the jury award to Richard Gul-lette as administrator of the estate of and for the use and benefit of his minor daughter, Sandra Gullette, for pain and suffering should be increased to $1,000. We find further that the jury award in favor of Cynthia Dolores Stinson should be increased to $1,263.36, including special damages in the sum of $263.36 constituting medical expenses incurred as well as bills incurred for medication and in addition thereto damages for injury, pain and suffering in the sum of $1,000.
Judgment is rendered accordingly. The judgment of the trial court is amended and as amended, affirmed.
Amended and affirmed.