STOULIG, Judge.
This case arises out of an automobile ' accident in which the negligence and liability of the defendant have been admitted and stipulated. Therefore, the only issue presented by this appeal is whether or not the award of $1,750 to Gary J. Levet was excessive.
According to plaintiff’s testimony he was thrown against the right side of the windshield by the impact, then back towards the left, striking the steering wheel and passing out. After being examined at the scene of the accident by two doctors who were in the vicinity, he was taken to the emergency room of West Jefferson Hospital where he was found by Dr. Franklin D. Toups to have a puncture wound of the right leg and muscle spasms in the neck and lower back. No medical treatment was required for his leg injury. However, plaintiff was administered diathermy and was given massages by Dr. Toups for the neck and biack injuries at five of the seven office visits made by him during a three-week period following the accident.
Though he continued to have pain, he testified that he received no further treat *347 ment as Dr. Toups had told him that he was at a “maximum,” and that little more could be done for him. Plaintiff stated that with every weather change he would still have pains in his back and neck and would use ointment and take aspirin. He further testified that he had had to give up his hobby of scuba diving as the pack used in this sport was too heavy for his back.
Although the medical report of Dr. Toups, which was stipulated by counsel, makes no mention of plaintiff’s being at a “maximum” it does verify that as of June 14, 1966, Levet, despite “much improvement” in pain, still suffered some limitation of his normal physical activities and that plaintiff noted lower back pain upon bending down.
Plaintiff asserted several items of special damages, including loss of income and use of the automobile, but substantiated only the $70 medical bill of Dr. Toups.
The trial judge, after hearing the matter, awarded the plaintiff a judgment in the amount of $1,750, which judgment we are now asked to rule was excessive.
It is well settled in Louisiana that awards granted by lower courts are to be altered only if the trial court has abused its discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity' Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964).
It is equally clear that awards rendered by other courts for similar injuries are relevant only in determining whether the award is so excessive or inadequate as to be an abuse of discretion. See Ballard v. National Indemnity Company of Omaha, Neb., supra, at page 67.
A trial judge should have great latitude, therefore, in assessing awards in accordance with the authority granted him in LSA-C.C. art. 1934. He may consider, among other factors, the degree of residual discomfort suffered by the plaintiff the frequency of recurrence and duration, in addition to the anticipated length of time required for complete remission.
In view of these variable factors we are not convinced, after a review of the record in this case, that the trial judge, with his advantage of evaluating the credibility and probative value of the witnesses’ testimony, abused his broad discretionary powers. For, while the award is greater than in many similar cases, there is sufficient evidence of residual distress affecting the plaintiff’s activities and well-being, though admittedly inconstant in duration, to justify the increased amount awarded by the trial court. In any event, the award is not so unreasonably excessive as to constitute an abuse of discretion requiring an adjustment by this court.
For the foregoing reasons the judgment appealed from is affirmed. Costs are to be borne by appellants.
Affirmed.