CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained in an automobile accident. The plaintiff, Mrs. Viney M. Mon-tou, was the driver of one of the two vehicles involved. Defendants are Mrs. Madel-la L. Henagen, driver of the other vehicle, and her liability insurer. From an adverse judgment, defendants appealed.
On appeal defendants admit liability. The only issue is whether the award of $1,500 to plaintiff is excessive.
The accident occurred on September 5, 1968, at an irregular intersection in the town of Oberlin. Plaintiff saw defendant’s vehicle was in the wrong lane and a collision was imminent. Mrs. Montou ap *66 plied her brakes and was completely or almost stopped at the time of impact. The left front of defendant’s vehicle struck the left front of plaintiff’s automobile with sufficient force that plaintiff’s vehicle was knocked back approximately one car length. Plaintiff’s 1959 Ford automobile was valued at $450 and was a total loss. Under these facts, it is apparent that the impact was sufficiently severe to cause the injuries complained of.
Immediately after the accident, the first injury of which plaintiff became aware was that her left thumb was mashed. It later became blue and swollen but healed in two or three weeks.
Two or three days after the accident, pain developed in her left shoulder and neck. Five days after the accident, plaintiff went to see her family physician, Dr. James W. Mayes, a general practitioner from Kinder, who has office hours in Oberlin two days a week. Dr. Mayes diagnosed a “sprain or strain” of the muscles of the left side of the neck, left shoulder and left forearm. He prescribed drugs for pain and muscle relaxation.
On September 17, 1968, Dr. Mayes saw plaintiff again and found she still had muscle spasm and tenderness in the left shoulder and forearm. Plaintiff testified that she saw Dr. Mayes for injuries connected with the accident on five or six office visits, but Dr. Mayes had records to substantiate only the two visits discussed above.
Mrs. Montou was referred by her attorney to Dr. P. M. Davis, Jr., an orthopedic specialist of Alexandria. This physician saw plaintiff on November 29, 1968. Based on the history of the accident and plaintiff’s subjective complaints, Dr. Davis expressed the opinion that plaintiff had a “sprain of the cervical spine which was minimal.” His prognosis was that she would have gradually subsiding pain for two or three additional months.
Plaintiff, who is 66 years of age and has normal arthritic changes, testified that even as late as the date of the trial on December 8, 1969, she still had pain in the left side of her neck after working long hours at her job as registrar of voters or other prolonged activity. She says she still takes medication for this discomfort.
We conclude the amount of the award is within the “much discretion” of the trial judge in assessing damages for personal injuries, Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964) and the authorities cited therein.
Defendant stresses the fact that plaintiff’s bill from Dr. Mayes was only $6 and she only introduced evidence of drug bills totaling $3.59. Regardless of these minimal proven medical expenses, the evidence is sufficient to support the award.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.