SAVOY, Judge.
This is an action ex delicto arising out of an automobile accident which occurred in the City of Alexandria, Louisiana, when a 1963 automobile driven by plaintiff collided with a car driven by Judith W. Horn, but owned by Southern Chevrolet, Inc. and leased by Menard High School in Alexandria, Louisiana, and insured by Travelers Insurance Company. Made defendants are Judith Horn, her husband, Phillip, and Travelers.
On the afternoon of December 26, 1969, the cars driven by plaintiff and Mrs. Horn approached the intersection of Vance and Mason Streets. The intersection is controlled by an electric signal light. Plaintiff was proceeding in a southerly direction in the right lane of travel. Mrs. Horn was proceeding in an easterly direction and traveling in her right lane of travel. The cars collided in the southwest quadrant of the intersection. The damage to the vehicle driven by defendant was to the left front side, and damage to plaintiff’s car was to the front.
After a trial on the merits, the district judge found that at the time of the accident, plaintiff was proceeding on a green light, and that defendant Horn had failed to prove contributory negligence on the part of plaintiff. Judgment was rendered in favor of plaintiff and against Mrs. Horn, her husband, and Travelers. All defendants have appealed.
Counsel for defendants states that the trial court used the correct facts and the law applicable thereto, but arrived at the wrong conclusion. On this phase of the case counsel for defendants states in his brief:
“Since the Clayton car was proceeding at a rate of speed of 30 to 35 miles per hour in its own right hand lane of travel and the Horn vehicle was traveling 10 to 15 miles per hour in its right lane of travel, and the two cars came into contact with each other in the southwest quadrant of the intersection, the Horn vehicle had to enter the intersection sooner than the Clayton car simply because they traveled approximately the same distance in the intersection before impact. To reduce this to simple mathematics, if the plaintiff was traveling at approximately 30 miles per hour, he was moving approximately 45 feet per second, and if Mrs. Horn was traveling approximately 10 miles per hour she was moving approximately 15 feet per second. While Mrs. Horn took approximately one second to reach the point of impact from the edge of the intersection closest to her point of entry, the plaintiff vehicle traveled approximately 45 feet and entered the intersection only one-half a second prior to the impact. Thus, it may be clearly seen that the trial court was in error in concluding that the defendant vehicle was negligent in failing to allow the plaintiff vehicle to clear the intersection after the defendant vehicle had apparently attained a green light. Any way we approach the subject on the basis of the facts and law found by the *120 trial court, we find that the court reached a conclusion which is a physical impossibility.’'
With due deference to able counsel for Travelers, we are of the opinion that the case is one of fact, and that there is sufficient evidence in the record to affirm the trial court’s finding that Mrs. Horn entered the intersection against a red light.
Counsel for plaintiff answered the appeal praying for an increase in the award. By way of a supplemental brief counsel for plaintiff wants an expression from this Court as to thfe ruling by the trial judge denying plaintiff’s application that a polygraph examination be taken by plaintiff and Mrs. Horn. Counsel for plaintiff has answered the appeal asking only for an increase in the award. We are of the opinion that since this issue was not raised in this Court, we cannot pass on it.
Counsel for plaintiff complains that the award is inadequate. Plaintiff was not hospitalized. The medical evidence consists of medical reports by Drs. James E. Hines and T. E. Banks. Within one month of the accident, Dr. Hines treated plaintiff twelve times with physiotherapy. Oral medication was also prescribed. Plaintiff did not seek medical treatment after that date. Dr. Banks saw plaintiff about four months later and found him completely recovered.
The trial court made an award to plaintiff of $1,000.00 plus $220.00 medical expenses. The trial judge also allowed $504.-00 as loss of earnings. We cannot say the trial judge abused his discretion in making the award. Accordingly, we affirm the award.
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ costs.
Affirmed.