SARTAIN, Judge.
This case arises out of an automobile accident which occurred at about 2:30 p. m. on Sunday, April 2, 1967, on the Airline Highway, or U. S. Highway 61, just north of Prairieville in Ascension Parish. Plaintiff’s 1966 Pontiac Tempest was struck from the rear by a 1964 Plymouth being driven by defendant, Mrs. Sanchez, with *922 the permission of its owner, The Rodman Supply Company of Odessa, Texas, and insured by Employers’ Liability Assurance Corp., Ltd., also a defendant here.
The trial judge found that both drivers were negligent and dismissed plaintiff’s suit on the ground of his contributory negligence. On the facts found by the trial judge and other evidence in the record, we think his conclusion that plaintiff was negligent is manifestly erroneous and we reverse.
Prior to this accident, plaintiff was working with some relatives at a roadside strawberry stand on the east side of the Airline Highway just north of Prairieville. Some other relatives were working at a strawberry stand on the opposite side of the four-lane divided highway. He was intending to drive over to the other strawberry stand to pick up a passenger and return. This trip required traveling north a short distance, perhaps a thousand feet, to a cross-over road in order to cross the neutral ground and turn southward. Defendant was traveling northward at about 50 m. p. h. in the left or inside northbound lane. The posted speed limit was 70 m. p. h. at this point.
Plaintiff Young testified that he stopped his car before entering the highway and looked to the south for oncoming traffic. He observed the car which turned out to be the defendant’s and thought it was sufficiently far away for him to proceed. (His attempts to approximate that distance in terms of feet or miles were inconsistent and unreliable.) He entered the highway at an angle and at some point crossed the outside lane and began to drive in the inside lane at about 40 m. p. h. toward the cross-over. He testified that he had activated his left turn indicator, was slowing down and was about to begin his turn when the left rear of his car was struck by the left front of defendant’s car.
Various witnesses attempted to estimate the distance south of the cross-over where plaintiff entered the inside lane. The estimates varied but the trial judge found as a fact that plaintiff proceeded 550 to 600 feet in the left lane and we will accept that figure for the purposes of this decision. We note that the trial judge specifically rejected the accounts of the accident by defendant, Mrs. Sanchez, and her husband as being inaccurate or a physical impossibility. They testified that plaintiff was driving at about 35 to 45 m. p. h. in the right or outside lane and when Mrs. Sanchez, at a speed of 50 m. p. h., had nearly overtaken him, he suddenly cut in front of her and she was unable to brake or otherwise avoid hitting his car.
Our statutory law and jurisprudence have established the duties of drivers in the situations of both Mr. Young and Mrs. Sanchez.
Mr. Young’s duty is imposed by La.R.S. 32:124:
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.”
Mrs. Sanchez’s duty is imposed by La.R. S. 32:81, subd. A.:
“The driver, of a motor vehicle shall not follow another vehicle more closely than is, reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
The trial judge found that each driver had breached his respective duty, but his only reason for finding that plaintiff had entered the highway when it was not safe to do so was the fact that the accident did occur. On the other hand, the judge found that Mrs, Sanchez was not keeping a prop *923 er lookout and did not timely observe plaintiff’s car in her lane of travel. There were no skidmarks and she admitted that she did not materially reduce her speed prior to the collision.
Although there may be situations where this kind of accident is caused by the concurrent negligence of drivers in these respective positions, we do not think that plaintiff’s conduct under the facts here constituted such negligence and Mrs. Sanchez had the burden of proving this element for her affirmative defense. If, as the trial judge found, plaintiff drove in the left lane for 550 to 600 feet at a speed of about 40 m. p. h. and had slowed down in preparation for his left turn, he would have traveled in that lane for at least ten seconds. (40 m. p. h. = 59 feet per second) During this time, Mrs. Sanchez was following and closing on him at 50 m. p. h., or 73 feet per second, in the same lane, and in ten seconds would have covered about 730 feet while in that position prior to impact.
Under these circumstances, we find that plaintiff- had fulfilled his statutory duty to yield “to all approaching vehicles so close as to constitute an immediate hazard” and had safely entered the normal flow of traffic on the highway. He was then in the position of any other motorist whom the law protects against being struck from behind. We find that the sole cause of this collision was the negligence of Mrs. Sanchez in failing to observe plaintiff’s vehicle in her lane and to keep a safe distance behind him.
With regard to the amount of damages, Mr. Young presented medical bills totaling $199.80 from Dr. A. B. Cronan, the only doctor appearing in this matter. It was also stipulated that his claim for property damage would be limited to $100.00, which he testified he paid as the deductible amount provided by his insurance policy.
Dr. Cronan testified that he examined plaintiff several times during the weeks following the accident and found that he had sustained a moderate cervical strain and a contusion of the left anterior chest. Complaints and physical findings were limited to those areas. Dr. Cronan first noted a spasm in the left strap muscles of the neck, accompanied by pain, and a difficulty or restriction in flexion of about 20%. He recommended conservative treatments, with ultrasonic treatment, De-cadrone injections and muscle relaxants. At the end of a week, the physical findings were beginning to subside or dissipate and, after continuing basically the same treatments for two more weeks, on April 22, Dr. Cronan testified that his findings were a minimal neck spasm and no chest pain. He felt plaintiff was making a good recovery. He saw plaintiff again on July 1, 1967, and on November 27, 1967, and his examinations were essentially negative, although plaintiff said he still had some complaints of pain and discomfort. We find that an award of $1,000.00 for personal injuries should do justice in this case.
Dr. Cronan testified that he never made a statement to plaintiff about whether he could return to his job as a janitor for the school board. He did say that he thought this kind of injury should not have prevented plaintiff from returning to that type of duty within a day or two, and that at most he could have experienced some pain and discomfort associated with his working capacity as a janitor for about two weeks. Although plaintiff is also claiming lost wages as an item of damages, his doctor’s testimony does not support his contention that he was temporarily disabled. Plaintiff himself testified that he was looking for a better job and that was one of his reasons for not returning to work, in addition to his complaints of pain. We do not think plaintiff has proved the element of loss of wages.
Lastly, plaintiff purchased a neck brace for the sum of $17.16. He said he asked Dr. Cronan whether it might help and was told that it might. He said Dr. *924 Cronan gave him an address of a business where he might buy one. Dr. Cronan said he did not specifically recommend a brace but he may have said it would be all right to use one. We will allow this claim.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and judgment is hereby rendered in favor of plaintiff-appellant, Roy Young, and against the defendants-appellees, Employers’ Liability Assurance Corporation, Ltd., and Mrs. Jacqueline P. Sanchez, in the amount of Thirteen Hundred Sixteen and 96/100 ($1,316.96) Dollars, with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.
Reversed and rendered.