CULPEPPER, Judge.
Plaintiff seeks damages resulting from an automobile accident. From an adverse judgment, defendant appealed.
The issue is whose negligence caused the accident.
The scene is near the City of Opelousas on U.S. Highway 190. This highway has two lanes for east bound and two lanes for west bound traffic, divided by a wide neutral ground. At the point where the collision occurred, there is a cross-over from the east bound to the west bound lanes. The speed limit is 70 miles per hour. The time was about 4:00 p. m. The highway was wet, or at least damp, from a recent rain.
Plaintiff’s version of the accident is that he was traveling in the outside east bound lane at a speed of about 40 miles per hour. He intended to turn left at the cross-over. When he reached a point about 200 feet west of the cross-over, he turned on his left turn signal light. He looked in his rear view mirror and saw defendant’s vehicle approaching about three car-lengths behind and in the inside lane of traffic. Plaintiff says he then changed lanes and slowed down to make his left turn. He was unable to state how far he was from the cross-over when he changed lanes. In *81 any event, he says that he was in the process of turning into the cross-over, with the rear portion of his automobile still in the inside lane of traffic, when the left rear of his vehicle was struck by defendant’s vehicle.
The version of the accident given by the defendant and his wife, who was a passenger, is that they had been in the outside lane of traffic, traveling in an easterly direction at a speed of about 55 miles per hour. They came upon two or three cars in the outside lane traveling at a slower speed. Plaintiff was in the lead car. Defendant turned into the inside lane to pass the slower vehicles. As they came abreast of the second car in line, plaintiff suddenly initiated an angling left turn to the inside lane. Defendant says that he saw plaintiff as soon as he started to change lanes and realized that he was going to turn left at the cross-over. The car in the outside lane prevented defendant from going there. Defendant says he immediately blew his horn and applied his brakes, leaving approximately 100 feet of skid marks, but was unable to stop in time to avoid the collision.
The district judge did not give reasons for judgment. However, even accepting plaintiff’s own version of the facts, we conclude that defendant was free of negligence and this accident was caused solely by the negligence of plaintiff.
Plaintiff’s first contention is that defendant was traveling at an excessive speed under the circumstances. He says defendant was negligent in going about 60 miles per hour on the wet highway and passing two or three slow moving cars.
As stated above, the speed limit was 70 miles per hour. There were no circumstances reasonably requiring a speed of less than 60. Defendant had a right to accelerate to 60 miles per hour and pass these slower vehicles, even if the highway was wet. When defendant initiated his passing manuever, he had no reason to anticipate that plaintiff was going to change lanes and slow down and attempt to turn left at the cross-over. We find no negligence on defendant’s part as to speed.
Plaintiff’s next contention is that defendant was not keeping a proper lookout. Plaintiff says that when he turned on his left turn signal light, at a point about 200 feet from the cross-over, defendant should have seen the signal in time to slow down and avoid the accident. We cannot agree. Accepting plaintiff’s own estimate that defendant was traveling at a speed of about 60 miles per hour, this is 88 feet per second, which means that when plaintiff turned on his signal light defendant was less than three seconds from the cross-over. Plaintiff admits that he did not change lanes until after he turned on his signal light, which means that he was less than 200 feet from the cross-over when he went into the inside lane. Even accepting plaintiff’s own testimony that defendant’s vehicle was three car-lengths behind him when he changed to the inside lane, this was not a sufficiently safe distance in view of' the fact that defendant was going 60 miles per hour and plaintiff was slowing down quickly from a speed of 40 miles per hour to make a left turn.
Applicable here is LSA-R.S. 32:104 (A) which states in pertinent part that no person shall “turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.” Jurisprudence construing this traffic statute holds that when a motorist is traveling on a multi-lane highway and changes from one lane to another, the burden is on such motorist to ascertain that the movement intended can be made in safety and without interference with the normal movement of overtaking traffic, Zurich Insurance Company v. Grain Dealers Mutual Insurance Company, 169 So.2d 6 (La.App. 2d Cir. 1964) and the cases cited therein.
For the reasons assigned, the judgment appealed is reversed and set aside. Judg *82 ment is now rendered in favor of the defendant, dismissing plaintiff’s suit. All costs in the district court and the costs of this appeal are assessed against the plaintiff.
Reversed and rendered.