277 So.2d 751 (1973)
W. C. BRISTER
v.
Gerardo MARTINEZ and the Travelers Insurance Company.
No. 5349.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1973.
Rehearing Denied June 5, 1973.
*752 Richard S. McBride, Jr., New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stewart E. Niles, Jr., New Orleans, for defendants-appellees.
Before REGAN, SAMUEL and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit for personal injuries and property damages resulting from a rear end vehicular collision. The two defendants are the defendant driver and his automobile liability insurer. Following trial on the merits judgment was rendered in favor of plaintiff awarding him $300 for pain and suffering, $50 for medical expenses and an expert's fee of $50 to be taxed as costs.
Plaintiff has appealed seeking an increase in the awards for pain and suffering and medical expenses. These two increases sought by plaintiff are the only issues before us. The only testimony relative to those issues was given by plaintiff and by Dr. William Fisher, plaintiff's treating physician.
Plaintiff testified: The accident occurred on October 29, 1970 while his vehicle was in a stopped position. The collision caused him to hit the sun visor with his head and the steering wheel and side of the car with his body. He remained in his truck for several minutes, dazed and shaken. He felt pain and soreness and some stiffness that night and later in the doctor's office he experienced severe pain and stiffness in the neck while undergoing a forward bending examination. Plaintiff was told to use his own judgment about returning to work depending upon when he *753 felt able to do so. He took medication prescribed by the doctor, to which he had an adverse reaction, and following medical advice used a heating pad at home. He remained out of work for about eight days but it was three weeks before he was able to resume his normal work load. He experienced pain of a serious nature for approximately two months after the accident, particularly during weather changes, and intermittently thereafter. On October 21, 1971, because of a flare-up of his condition, he went to Touro Infirmary where x-rays were taken at a cost of $67.50.
Dr. Fisher first saw plaintiff on October 31, 1970. The chief complaint was continuous aching at the back of the neck with extension toward the left eye and below and to both shoulders. Examination revealed severe limitation of flexion and moderate limitation of right and left radiation and hyperextension. There was tenderness over the entire cervical portion of the trapezius muscle, less on the right, and into all of the left thoracic trapezius muscle with muscle spasms and extension of tenderness into the medial one-half of the right thoracic trapezius muscle without muscle spasm. No x-rays were made. The doctor diagnosed plaintiff's injuries as severe sprain of the neck and shoulders. Application of heat was recommended to the injured area for one-half hour, twice each day. Prescriptions were given for pain, muscle relaxants and tranquilizers, and for use in the plaintiff's left eye.
Following the initial visit the doctor administered medication but did not perform examinations on each occasion. The plaintiff showed consistent improvement. He was seen on fourteen occasions until discharged on December 11, 1970, approximately six weeks after the accident, free from pain at the injury site of the neck and shoulders. The doctor's bill for services rendered was $200.
With regard to quantum for personal injuries, it is now established that each case must be decided largely on the facts and circumstances surrounding the particular injuries involved and amounts of awards in similar cases are relevant for the exclusive purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the "much discretion" vested in the trial judge or jury under LSA-C.C. Art. 1934(3).[1]
In this connection we have examined other cases involving somewhat similar injuries.[2] Our conclusion is that the award of $300 is so inadequate as to constitute an abuse of the "much discretion" vested in the trial court and that the same should be increased to the sum of $1,500.
Relative to the second issue, medical expenses, plaintiff claimed a total of $267.50 *754 which consisted of the treating physician's bill of $200 and the $67.50 charge of Touro Infirmary for the visit and x-rays. The trial court awarded only $50, the charge for plaintiff's initial examination and treatment by Dr. Fisher, concluding plaintiff had been "overtreated".
We agree with the disallowance of the $67.50 Touro charge. That visit was made and the x-rays taken just eight days less than one year after the accident had occurred. Plaintiff went to Touro solely because he felt the pain or discomfort at the time was a flare-up of the injuries received in the accident; he did not consult a physician prior to making the visit; and the record contains no competent evidence, indeed no evidence at all other than his own testimony, that there was any connection between the pain or discomfort in October, 1971 and the October, 1970 accident in suit.
However, we disagree with the disallowance of the $150 portion of the doctor's bill. When plaintiff was first seen two days after the accident, muscle spasms were present, and injuries to the neck, shoulder and eye were evident. He was asked to, and did, return on November 2, 3, 4, 7, 10, 14, 17, 21, 24, 28, December 1, 4, 8, and 11, 1970. Each of those visits was of about one-half hour duration. The doctor testified it was his customary procedure to see patients daily following an accident until such time as he was able to recognize improvement in condition, and then at three or four day intervals until he was satisfied they were completely well. Although plaintiff was asymptomatic on December 8, he was not discharged until his visit on December 11, three days thereafter, as it was possible there could be a recurrence of pain.
While plaintiff appears to have made a relatively uneventful recovery, he did sustain what his physician described (we note there is no evidence to the contrary) as a severe sprain of the neck and the shoulder as well as a reaction to some of the medication. He was under the doctor's care for slightly less than six weeks. To a medical layman this length of time coupled with such frequent visits to the doctor's office might appear to constitute overtreatment. But under all of the circumstances in this case, particularly in the absence of competent medical evidence showing or suggesting more treatment than actually necessary, and here the record is devoid of any such evidence, we cannot agree with the conclusion reached by the trial court on the question of overtreatment. Accordingly, we will award the full amount of the fee charged, the sum of $200.
For the reasons assigned, the judgment appealed from is amended only to the extent of increasing the award for pain and suffering from $300 to $1,500 and increasing the award for medical expenses from $50 to $200. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs in both courts to be paid by the defendants-appellees.
Amended and affirmed.
NOTES
[1] Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Thibodeaux v. Travelers Indemnity Company, La.App., 215 So.2d 215.
[2] Young v. Employers' Liability Assurance Corp., La.App., 254 So.2d 921; Clayton v. Horn, La.App., 254 So.2d 118; Seibert v. State Farm Mutual Automobile Ins. Co., La.App., 253 So.2d 691; Belson v. Subsurface Completion Service, La.App., 253 So.2d 686; Maranell v. United States Fire Insurance Company, La.App., 253 So.2d 643; Browder v. Lawless, La.App., 252 So.2d 355; David v. Hamilton, La.App., 250 So.2d 242; Montou v. Henagen, La.App., 250 So.2d 65; Marullo v. Rooney, La.App., 245 So.2d 814; Wells v. Aguillard, La. App., 244 So.2d 689; Levet v. Kirksey, La.App., 244 So.2d 346; Gullette v. Royal Globe Ins. Co., La.App., 243 So. 2d 289; Boudreaux v. Continental Insurance Co., La.App., 242 So.2d 585; Jennings v. Allstate Insurance Company, La.App., 241 So.2d 778; Gouta v. Madison, La.App., 238 So.2d 799; Strother v. State Farm Mutual Automobile Ins. Co., La.App., 238 So.2d 774; Stewart v. McCarthy, La.App., 228 So.2d 215; Greene v. Allstate Insurance Company, La.App., 228 So.2d 151; Purnell v. Travelers Insurance Company, La.App., 205 So.2d 628.