STOULIG, Judge.
This appeal is brought by plaintiff, Marion Marcotte, seeking an increase in the quantum of damages awarded against the defendants, Louis R. Centanni, Sr., and his insurer, the Lumbermen’s Mutual Casualty Company, for injuries sustained in an automobile accident. Appellant urges that the trial court erred in awarding only $500 for his injuries and only $50 of his $485 physician’s bill. Appellees have answered the appeal, urging that the contributory negligence of the plaintiff bars his right to recovery and therefore the judgment of the trial court should be reversed.
The accident occurred on Christmas Day, 1970. Both vehicles were proceeding on Fifth Street in Gretna, Louisiana, with the Marcotte vehicle being followed by the defendant’s automobile, operated by his mi *797 nor son, Louis R. Centanni, Jr. As plaintiff was making a turn onto Lavoisier Street, his vehicle was struck from the rear by the defendant’s vehicle. Young Centanni testified that the plaintiff gave no turn signal, either by indicator or by hand, and that the plaintiff abruptly stopped in the middle of his turn for no apparent reason. According to defendants, this constituted contributory negligence. Plaintiff categorically denied the allegations.
Commenting on the issue of negligence, the trial judge reasoned as follows:
“ * * * In the matter of rear end collisions there is a great burden to be overcome by the defense by reason of the general laws of the State of Louisiana and the jurisprudence.
“There is a difference of opinions as to the condition of the streets at the time. I heard the young man testify that it was wet, that they were slick. On the other hand, I heard the plaintiff testify that he doesn’t remember. * * *
“I do feel that the young, Mr. Centan-ni, was following too close behind plaintiff’s vehicle. He said he was stopped behind it at the light, a block before the place where the right turn was to be negotiated. He followed the car down the street, and I would think that it was his obligation to keep his car under control; that is defensive driving. It would have enabled him to avoid this accident, as he knew the street was slick and he was responsible to assume that stopping was somewhat more hazardous.
“ * * * It seems to me that this young man was not using proper judgment in evidently following too close when this plaintiff attempted to negotiate the turn. When Mr. Centanni, Jr., applied his brakes, his car skidded into the back of plaintiff’s automobile ”
The record does not disclose any error in the trial court’s reasoning or findings of liability.
As a result of the accident Mr. Marcotte sustained the following injuries: a damaged tooth, a minor hemorrhage of the eye, a perirectal abscess, moderately severe strains af the cervical and lumbar sacral spinal regions, a contusion of the left elbow, and hematoma of the left little finger and thumb. For these injuries the trial court awarded $500 for pain and suffering and medical expenses of $165 — of the latter, $50 was specifically assigned as compensation for the services of Dr. Louis En-senat, who treated plaintiff for neck and back strains and elbow contusion. Dr. En-senat’s total bill was $495 — $10 of which represented the nonrecoverable cost of a medical report to plaintiff’s attorney. The trial judge allowed only $50 of Dr. Ensen-at’s bill for the following stated reasons:
“This brings us to the testimony of Doctor Ensenat. Without reflecting on what the doctor did, I can read his bill and it appears to me that in this instance, there is a serious overtreatment for this type of injury. * * * ”
Plaintiff was first seen by Dr. Ensenat on December 26, 1970, the day after thé accident. At that time the doctor noted positive physical findings consisting of the following: neck spasm of the right posterior muscle group with mid-trapezius trigger point mechanism, resulting in a limitation of motion to 60 percent of the normal range; back spasm of the right sacrospin-alis muscles, producing a limitation of motion to 70 percent of the normal range; swollen left elbow; perirectal abscess over the sacrococcygeus; and a subungual he-matoma of the left little finger and thumb. Dr. Ensenat stated that his initial impression was that the neck and spine strain and the contusion of the elbow were moderately severe.
Treatment consisted of diathermy treatments to the neck and back daily for four *798 days then three times weekly until March 12, 1971, when plaintiff was discharged as having received maximum physiotherapy benefits. At this time plaintiff was still mildly symptomatic. A total of 39'diather-my treatments, the last seven including treatments to the elbow, were administered either by Dr. Ensenat personally or his nurse. The charge for these treatments was $10 where two regions were involved and $15 for treatment to three regions.
Unquestionably diathermy is a recognized method of medical treatment for “whiplash” type injuries, and 39 such treatments do not seem excessive for injuries described as “moderately severe.” Though upon submission of the case the trial judge assigned reasons for his judgment, he did not favor us with the specific findings upon which he based his conclusion that the plaintiff had been overtreat-ed. The record fails to disclose any evidence, direct or circumstantial, which would support the conclusion that plaintiff was the recipient of unnecessary medical treatment. We are therefore constrained to reverse this factual finding of the trial judge in the absence of any proof to the contrary. This ruling is consistent with the prior holding in Brister v. Martinez, 277 So.2d 751 (La.App. 1973).
Considering the nature of plaintiff’s injuries, the extent of the treatment, and the period of recuperation, we are of the opinion that the sum of $500 is grossly inadequate and that an award of $1,750 more reasonably compensates Mr. Marcotte for his damages.
For the reasons above assigned, the judgment of the trial court is amended to increase the medical expenses awarded to the plaintiff for treatment by Dr. Louis Ensenat to $485 and to increase the general damages awarded to plaintiff to $1,750. In all other respects the judgment is affirmed.
Amended; affirmed as amended; and recast.