AYRES, Judge.
This action in tort arose out of a motor vehicle collision on September 20, 1969, on U. S. Highway 80 in Bossier Parish. Plaintiff, a resident of Tennessee, joined by her husband, William W. Lane, sought to recover damages for personal injuries, pain, suffering, and disability — past, present, and future- — and for mental pain and anguish allegedly sustained in and as a result of the aforesaid accident. Reimbursement was sought also for medical expenses incurred and to be incurred in the *666 treatment of her injuries, as well as damages to plaintiffs’ automobile.
Involved were plaintiffs’ 1969 model custom coupe, an Impala Chevrolet, operated by plaintiff, and a 1967 model El Camino Chevrolet pickup truck owned by A. J. Hodges Industries, Inc., and driven at the time by Thomas E. White, Sr. Made a defendant in addition to White and Hodges Industries, Inc., was The Fidelity and Casualty Company of New York, insurer of the Hodges truck.
The trial court concluded after trial that plaintiff, Stella Lane, was guilty of contributory negligence at least of such nature and character as to bar her from recovery. From a judgment thus signed rejecting plaintiffs’ demands, they appealed.
At the scene of the accident U. S. Highway 80 is a four-lane concrete-paved main thoroughfare with two lanes for eastbound traffic and two lanes for westbound traffic. The separation of the lanes proceeding in the same direction is clearly marked by a white line. Opposing lanes, each of an aggregate width of approximately 24 feet, are separated by a median covered with grass, having a width of approximately 41 feet. Through the median there are, at intervals, crossovers approximately 24 feet wide.
The accident occurred near midnight. The two vehicles involved were traveling easterly. Plaintiff, accompanied by Mrs. Ruth Lovelace, was en route from Dallas, Texas, to Monroe, Louisiana. They intended to stop in Monroe for the night. Thomas E. White, Sr., and his wife were en route to their home at Haughton, Louisiana, from a Shrine Circus held at the fairgrounds in Shreveport. Both drivers were initially occupying the outer eastbound traffic lane. White, however, changed lanes and entered the inner eastbound lane some appreciable distance before arriving at the point where the accident occurred. This change was due to the presence of several slower moving vehicles in the outer lane which White desired to pass.
Plaintiff’s vehicle, in the outer lane, preceded defendant’s vehicle in the inner lane. Plaintiff and her companion, both residents of Tennessee, strangers and unfamiliar with the highways in that section of Louisiana, became concerned at that time as to whether the highway upon which they were traveling would lead them to Monroe. They decided to inquire. Finding no place to inquire to the right of the highway but observing a lighted place of business to the left, a decision was made to cross the highway at a conveniently located crossover so they might inquire about their route.
Mrs. Lane testified that when about two blocks from the scene of the accident she put on her blinkers, changed to the inner eastbound traffic lane and continued, with her blinkers in operation, to the crossover. With her entrance therein almost complete, plaintiff testified, her car was suddenly struck from the rear, knocked around, and came to rest in and crosswise of the crossover. Defendant’s vehicle was said to have come to rest or that the driver steered it to the median and brought it to a stop a short distance beyond the scene of the collision.
Mrs. Lovelace fixed the distance from the point where the change of lanes was made to the crossover as one-and-a-half blocks, or ISO feet. Neither Mrs. Lane nor Mrs. Lovelace could satisfactorily account for the presence of the White vehicle. Both testified that before changing lanes and again before attempting to make a left turn into the crossover, they looked back, Mrs. Lane through the rearview mirror and Mrs. Lovelace through the rear window, but neither saw defendant’s truck. Obviously, they failed to see what they should and could have seen had they been keeping a proper lookout or had they been making a proper observation. The highway was straight and level. The weather was clear. No obstructions existed to obscure their view. No reason was advanced *667 as to why they did not see what was there for them to see and what they should have seen.
Defendant White and his wife, who accompanied him, denied that plaintiff’s vehicle changed lanes as plaintiff and her companion testified. Defendants contend, and Mr. and Mrs. White testified, that Mrs. Lane attempted a left turn from the outer traffic lane across the inner traffic lane into the crossover without giving any warning of her intention to do so such as by the application or use of her blinker lights.
The issues presented for resolution are purely factual in character. The trial court resolved these issues in favor of the defendants by finding that the accident could not have happened in the manner described by Mrs. Lane and Mrs. Lovelace, but that Mrs. Lane attempted a left turn from the outer eastbound lane across the inner lane, blocking almost entirely the inner lane occupied by defendant’s vehicle.
The record establishes that defendant White, after seeing plaintiff’s aforesaid maneuver, applied his brakes and skidded his vehicle a distance of approximately 91 feet to the point of impact of the collision. The right front of defendant’s vehicle struck the left rear of plaintiff’s car. Thus, the evidence does not support plaintiff’s contention that the character of the accident was one usually referred to as a mere rear-end collision.
The statutory law of this State is that:
“No person shall . . . turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. * * * ”
LSA-R.S. 32:104, subd. A.
Thus, the driver of a motor vehicle who wishes to change lanes on a multiple-lane highway is obligated to ascertain that such can be made safely and without interfering with overtaking traffic. The statutory rule has been consistently supported in the jurisprudence of this State. See: Serrin v. Allstate Insurance Company, 261 So.2d 79 (La.App., 3d Cir., 1972) ; Jennings v. Allstate Insurance Company, 241 So.2d 778 (La.App., 3d Cir., 1970) ; Miller v. Thomas, 234 So.2d 67 (La.App., 4th Cir., 1970; amended 258 La. 285, 246 So.2d 16 [1971]).
We find no error in the judgment appealed. For the reasons assigned, it is affirmed at plaintiffs-appellants’ costs.
Affirmed.